Antony Nash (SBN 217867)
ANash@mintz.com
Valerie Phan (SBN 306503)
VPhan@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, California  92130
Telephone:   858.314.1500
Facsimile:    858.314.1501

Mathilda S. McGee-Tubb (*pro hac vice* application forthcoming)
MSMcGee-Tubb@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone:   617.542.6000
Facsimile:    617.542.2241

Attorneys for Defendant AVALONBAY COMMUNITIES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WATKINS, an individual; WILLIAM CROSIER, an individual; ALEX THARAPPEL, an individual; and ROES 1 through 100 inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC., a Maryland Corporation; AVALON 55 NINTH, LLC, a Delaware Corporation; AVA ARTS DISTRICT LP, a Delaware Limited Partnership; AVA BURBANK SOLAR, LLC, LLC, a Delaware Corporation; AVALON HOLLYWOOD, LP, a Delaware Limited Partnership; AVALON NEWPORT, LP, a Delaware Limited Partnership; AVA PACIFIC BEACH SOLAR, LLC, a Delaware Corporation; AVB STUDIO CITY LP, a Delaware Limited Partnership; AVA TOLUES HILLS SOLAR, LLC, a Delaware Corporation; CAHILL PARK SOLAR, | Case No. '25CV1119 AJB BLM<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453 BY DEFENDANT AVALONBAY COMMUNITIES, INC.**<br><br>**JURY TRIAL DEMANDED**<br><br>[San Diego Superior Court Case No. 25CU011133C]<br><br>Complaint Filed:  March 3, 2025 |

NOTICE OF REMOVAL

| | |
|---|---|
| 1 | LLC, a Delaware Corporation; AVALON AT MISSION BAY III, LP, a Delaware Limited Partnership; AVALON NATOMAS, LP, a Delaware Limited Partnership; AVALON BAKER RANCH, LP, a Delaware Limited Partnership; AVALON BREA PLACE, LLC, a Delaware Corporation; AVALON BURBANK SOLAR, LLC, a Delaware Corporation; ASN CALABASAS I LLC, a Delaware Corporation; AVALON CAMARILLO LP, a Delaware Limited Partnership; AVALON CAMPBELL SOLAR, LLC, a Delaware Corporation; AVALON CERRITOS, LP, a Delaware Limited Partnership; AVALON CHINO HILLS, LP, a Delaware Limited Partnership; DUBLIN STATION SOLAR, LLC, a Delaware Corporation; AVALON ENCINO, LP, a Delaware Limited Partnership; EAVES FREMONT SOLAR, LLC, a Delaware Corporation; AVALON GLENDORA, LP, a Delaware Limited Partnership; HAYES VALLEY, LP, a Delaware Limited Partnership; ARCHSTONE HUNTINGTON BEACH COLLEGE PARK LLC, a Delaware Corporation; AVALON IRVINE III, LP, a Delaware Limited Partnership; ASN LA JOLLA COLONY LLC, a Delaware Corporation; AVALON LOS FELIZ, LC, a Delaware Limited Partnership; AVALON MISSION OAKS, LP, a Delaware Limited Partnership; AVALON MONROVIA, LLC, a Delaware Corporation; AVALON MORRISON PARK, LP, a Delaware Limited Partnership; AVALON MOUNTAIN VIEW, LP, a Delaware Limited Partnership; AVALON NATOMAS, LP, a Delaware Limited Partnership; AVALON OAK CREEK, LP, a Delaware Limited Partnership; ASN PASADENA LLC, a Delaware Corporation; AVB PLEASANT HILL INVESTOR, LLC, a Delaware Corporation; AVALON PLEASANTON, LP, a Delaware Limited Partnership; AVALON PUBLIC MARKET, LP, a Delaware Limited Partnership; ARCHSTONE SAN BRUNO III LLC, a Delaware Corporation; AVALON SAN DIMAS, | |

1  LP, a Delaware Limited Partnership; ASN SAN JOSE, LLC, a Delaware
2  Corporation; AVB SANTA MONICA ON MAIN LP, a Delaware Limited
3  Partnership; SILICON VALLEY FINANCING, LLC, a Delaware
4  Corporation; AVB SIMI VALLEY LP, a Delaware Limited Partnership; AVB
5  STUDIO CITY LP, a Delaware Limited Partnership; ASN THOUSAND OAKS
6  PLAZA LLC, a Delaware Corporation; AVALON UNION CITY, LP, a
7  Delaware Limited Partnership; AVALON VISTA, LP, a Delaware
8  Limited Partnership; AVB WALNUT CREEK LP, a Delaware Limited
9  Partnership; ASN WALNUT RIDGE LLC, a Delaware Corporation; EAVES
10 DUBLIN SOLAR, LLC, a Delaware Corporation; EAVES FREMONT
11 SOLAR, LLC, a Delaware Corporation; EAVES LOS FELIZ, LLC, a Delaware
12 Corporation; EAVES PLEASANT HILL INVESTOR, LLC, a Delaware
13 Corporation;

14          Defendants.

16 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

17 **PLEASE TAKE NOTICE** that Defendant AvalonBay Communities, Inc. ("AvalonBay") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"). Here, the Complaint alleges that the proposed class consists of over 100 members, minimal diversity exists because the Named Plaintiffs are citizens of California and AvalonBay is a citizen of Maryland and Virginia, and the amount in controversy exceeds $5,000,000 based on the allegations in the Complaint. Additionally, this Notice of Removal is timely and fulfills all procedural requirements.

## I. PROCEDURAL HISTORY

On March 3, 2025, Plaintiffs Mark Watkins, William Crosier, and Alex Tharappel (the "Named Plaintiffs"), individually and on behalf of all others similarly situated, filed this action, captioned *Mark Watkins et al. v. AvalonBay Communities, Inc. et al.*, Case Number 25CU011133C, in the Superior Court of the State of California for the County of San Diego.

Pursuant to 28 U.S.C. § 1446(a), AvalonBay has attached, as **Exhibit 1**, a copy of all process, pleadings, and orders served upon AvalonBay. True and correct copies of the Summons and Class Action Complaint (the "Complaint") are included in Exhibit 1.

The Named Plaintiffs served AvalonBay with the Summons and Complaint in the action on April 4, 2025. *See* Ex. 1 at 2-3. In their Complaint, the Named Plaintiffs claim that Defendants violated California Civil Code section 1950.5 and California Business and Professions Code section 17200, *et seq.* in their handling of residential security deposits for former residents of properties owned or managed by Defendants. The Named Plaintiffs purport to bring this action on behalf of a class of "[a]ll residents of Defendants' properties whose leaseholds terminated within four years prior to the filing of this Complaint through the date of final judgment in this matter and who had at least $125 of their security deposit retained for cleaning, repair and/or replacements combined" (the "Class"). Ex. 1, Compl. ¶ 180.

The Complaint seeks actual damages, statutory damages, restitution, injunctive relief, declaratory relief, pre- and post-judgment interest, equitable accounting, and recovery of costs and reasonable attorneys' fees. Ex. 1, Compl. at 46-47 (Prayer).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).

This action is removable pursuant to 28 U.S.C. §§ 1441(a) and 1332(d)(2) because this is an action over which this Court has original jurisdiction.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

CAFA extends federal jurisdiction to class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy exceeds $5 million, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6), 1453.

This action is a class action because it was filed under the California equivalent to Federal Rule of Civil Procedure 23. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Ex. 1, Compl. ¶ 179 ("Plaintiffs bring this action as a class action pursuant to California Civil Code of Procedure § 382 on behalf of themselves and all other similarly situated persons in the Classes…."); Ex. 1 at 109 (civil action cover sheet identifying case as a class action suit). Each of the requirements for CAFA jurisdiction over this class action is met, as described below.

### A.     MINIMAL DIVERSITY EXISTS.

Minimal diversity exists between Defendants and the members of the putative class under 28 U.S.C. § 1332(d)(2)(A). Under CAFA, minimal diversity is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation's citizenship is determined by where it is incorporated and where it has its principal place of business. 28 U.S.C. §1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (applying the "nerve center" test to determine the principal place of business). A defendant may establish minimal diversity based on the allegations in the complaint and on its information and belief. *Ehrman v. Cox Commnc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

The Named Plaintiffs allege that they are citizens of California. *See* Ex. 1, Compl. ¶¶ 5-7. AvalonBay is a Maryland corporation with its principal place of business in Virginia. *See* Ex. 1, Compl. ¶ 9; AvalonBay's Corporate Disclosure Statement (filed herewith). AvalonBay is not a citizen of California for purposes of determining diversity of citizenship. Even if it were, the Named Plaintiffs purport to represent a class that is not limited to California citizens. *See* Ex. 1, Compl. ¶ 180

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ATTORNEYS AT LAW
SAN DIEGO

(defining the proposed class as "[a]ll residents of Defendants' properties whose leaseholds terminated within four years prior to the filing of this Complaint through the date of final judgment in this matter and who had at least $125 of their security deposit retained for cleaning, repair and/or replacements combined"); *see id.* ¶¶ 9, 10 (describing the national scope of AvalonBay's operations); *see also Hicks v. Grimmway Enters.*, Case No. 22-cv-2038 JLS (DDL), 2023 U.S. Dist. LEXIS 81428, at *14, *22 (S.D. Cal. May 9, 2023) (where class definition contains no limiting provision as to the citizenship of the class, it does not foreclose the inclusion of citizens of other states in the class, for diversity purposes (citing *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274 (9th Cir. 2017) and other cases)). Minimal diversity accordingly exists.

### B. THE COMPLAINT ALLEGES OVER 100 CLASS MEMBERS.

The Complaint alleges that "there are more than 100,000 class members in total." Ex. 1, Compl. ¶ 181(a). The number of class members for purposes of CAFA jurisdiction may be determined by the allegations made in the Complaint. *See Perez v. Qantas Airways Ltd.*, Case No. CV 23-8620-KK-RAOx, 2023 U.S. Dist. LEXIS 231249, at *6-7 (C.D. Cal. Oct. 16, 2024) ("Allegations in a complaint that claim at least 100 class members are considered judicial admissions binding on a plaintiff." (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Although AvalonBay disputes that any certifiable class exists here, CAFA's requirement that the putative class consists of more than 100 members is satisfied by the Complaint's own allegations. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. THE COMPLAINT ALLEGES IN EXCESS OF $5 MILLION IN CONTROVERSY.

The amount in controversy in this action satisfies CAFA's $5,000,000 jurisdictional threshold. Under CAFA, the claims of all class members are aggregated to determine if the amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The amount in controversy

is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It represents "the *maximum* recovery the plaintiff *could* reasonably recover" on the claims as asserted in the Complaint, including "*all relief* claimed at the time of removal." *Fuller v. Bloom Inst. of Tech.*, Case No. 23-cv-01440-AGT, 2023 U.S. Dist. LEXIS 203185, at *10-11 (N.D. Cal. Nov. 13, 2023 (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (second citation omitted)).

To determine the amount in controversy, courts "first look to the complaint," and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Lewis*, 627 F.3d at 400 (citation omitted). Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

Here, the Named Plaintiffs seek relief on behalf of "more than 100,000 class members" Ex. 1, Compl. ¶ 181(a). The Named Plaintiffs allege each class member "had at least $125 of their security deposit [unlawfully] retained for cleaning, repair and/or replacements combined" by Defendants. *Id.* ¶ 180. The Named Plaintiffs and the putative class seek, *inter alia*, an order requiring Defendants to return the amounts allegedly unlawfully withheld. *Id.* at 46 (Prayer). Thus, in the aggregate, the Named Plaintiffs and the putative class seek actual damages of at least $12,500,000. Additionally, the Named Plaintiffs seek to recover attorneys' fees, which increase the alleged amount in controversy. Ex. 1, Compl. at 46 (Prayer) at ¶ 6; *see Perez*, 2023

U.S. Dist. LEXIS 231249, at *20 (including attorneys' fees in amount in controversy); *Fuller*, 2023 U.S. Dist. LEXIS 203185, at *11. The Named Plaintiffs' request for injunctive relief further raises the amount in controversy. *See* Ex. 1, Compl. at 46-47 (Prayer) at ¶ 9; *Fuller*, 2023 U.S. Dist. LEXIS 203185, at *15-16 (amount in controversy includes value of injunctive relief).

AvalonBay disputes the Complaint's allegations and that the Named Plaintiffs or the putative class they seek to represent are entitled to any relief. Nonetheless, on the face of the Complaint, the Named Plaintiffs seek relief in excess of $5,000,000. The aggregate amount in controversy therefore greatly exceeds the amount in controversy requirement of $5,000,000 for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2), (6).

### III. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

This Notice of Removal is properly filed in the United States District Court for the Southern District of California because the Superior Court of the State of California for the County of San Diego is located in this judicial district. *See* 28 U.S.C. § 1441(a).

This Notice of Removal is timely. A case may be removed to federal court within 30 days of service on the defendant of the initial pleading. *See* 28 U.S.C. §§ 1446(b)(1), 1453(b); *see also Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). AvalonBay was served with the Complaint on April 4, 2025 (*see* Ex. 1 at 2-3), and files this Notice of Removal within 30 days of service, and within one year of the commencement of the action.

This Notice of Removal is signed by undersigned counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

The consent of the other Defendants is not required because AvalonBay may remove this action without the consent of all Defendants under 28 U.S.C. § 1453(b).

No previous application has been made for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of processes, pleadings and orders served upon AvalonBay in this action, which includes the Complaint and Summons, are attached. *See* Ex. 1.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Named Plaintiffs and promptly filed with the clerk of the Superior Court of the State of California for the County of San Diego.

No admission of fact, law, or liability is intended by this Notice of Removal, and AvalonBay expressly reserves all defenses, counterclaims, and motions otherwise available to it.

## IV.   CONCLUSION

For the foregoing reasons, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453(b). Accordingly, AvalonBay respectfully removes this action from the Superior Court for the State of California, County of San Diego, to this Court.

Dated:  May 2, 2025

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By: */s/ Anthony Nash*
   Antony Nash
   Mathilda S. McGee-Tubb
   Valerie Phan

Attorneys for Defendant
AVALONBAY COMMUNITIES, INC.