UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WATKINS, an individual; WILLIAM CROSIER, an individual; ALEX THARAPPEL, an individual; and ROES 1 through 100 inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC., a Maryland Corporation,<br><br>Defendant. | Case No.: 25CV1119 AJB BLM<br><br>**ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER** |

    Plaintiffs Mark Watkins, William Crosier, and Alex Tharappel, and Defendant AvalonBay Communities, Inc. (each individually a "Party," and collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree to, and request the Court's entry of the following Stipulated Protective Order (the "Order") to govern the production of documents and information in the above-captioned action (the "Action") as follows:

## STIPULATED PROTECTIVE ORDER

The Court recognizes that some of the documents and information ("materials") being sought through discovery in the Action may, for competitive reasons or to protect the personal identifying or other confidential information of individuals, normally be kept confidential by the Parties. Accordingly, the materials to be exchanged throughout the course of this Action may contain personal or otherwise confidential information as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. The Parties have agreed to be bound by the terms of this Order in this Action.

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that a producing party has a good faith basis to claim should be regarded as confidential information.

2. The term "materials" will include, but is not limited to: personal identifying information; medical information; background checks; documents; correspondence; memoranda; bulletins; specifications; tenant lists or other material that identify current, former, or prospective tenants; rent, price or fee lists or schedules, or other matter identifying rent, pricing or fees; minutes; e-mail; letters; statements; cancelled checks; contracts; invoices; drafts; ledgers; books of account; worksheets; assessments; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures/video; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record; other attorneys, paralegals, secretaries, and support staff employed in or by the law firms of Robinson Markevitch & Parker LLP and Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.; and two designated in-house attorneys for Defendant AvalonBay Communities, Inc., whose identities will be disclosed to counsel for Plaintiffs.

## **GENERAL RULES**

4. Each Party or non-party that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, or information that the producing party believes should be subject to this Stipulated Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" if, in the good faith belief of the producing party or their counsel, the information is confidential under law, because it contains trade secrets, proprietary business information, competitively sensitive information, customer or tenant-identifying information, customer or tenant financial information, and/or other personal private data or information; or because the unrestricted disclosure of such information would be detrimental to the conduct of that party's business or livelihood, or the business or livelihood of any of that party's customers or clients.

    b. Designation as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" if, in the good faith belief of the producing party and their counsel, the information is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 8 of this Order would reasonably be expected to cause irreparable harm or

materially impair the legitimate competitive position or interests of the producing party.

5. In the event the producing party elects to produce materials for initial inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, within twenty-one (21) days of the production date, the producing party must mark the copies of those materials that contain confidential information with the appropriate confidentiality marking in order to preserve their status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

6. Whenever a deposition taken in this Action involves a disclosure of confidential information of any party:

    a. the precise portions of the deposition transcript (with line numbers) must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; and a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the Action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

  c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless the Parties and the disclosing party have stipulated to its filing, or its filing is accompanied by an appropriate motion to file the materials under seal under this Order. It is up to the Court as to whether such motions should be granted.

7. All confidential information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and, in any event, must not be used for any purpose other than in connection with this Action, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and their retained experts and consultants under the conditions set forth in this Paragraph. The right of any independent expert or consultant to receive any confidential information will be subject to that person first signing the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert or consultant.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts and consultants (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by signing Exhibit A:

  a. Independent consultants, experts, and/or technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this Action;

  b. Stenographic and clerical employees associated with the individuals identified above; and

  c. Witnesses and potential witnesses, to the extent such information is relevant to their potential testimony, and solely for the purposes of preparing them for their testimony.

 10. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

 11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts and consultants authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this Action.

 12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as containing confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that

it seeks to file under seal.  In the public version, the party may redact only that information that is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY." The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

13.   At any stage of these proceedings, any party may object to a designation of the materials as confidential information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  The parties shall then meet and confer in a good faith attempt to resolve the dispute.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, either party may request a conference call with chambers pursuant to the Chambers Rules – Civil Cases for the Honorable Barbara Lynn Major, and the court shall set a briefing schedule to resolve the dispute.  The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.   All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this Action.  Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.   No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must confirm receipt of the written notice without undue delay (and no later than three business days following receipt) and treat the materials as confidential, once the designating party so notifies the receiving party, subject to making any challenges under this Order. If the receiving party had disclosed the materials before receiving the designation, the receiving party must then (i) notify the designating party in writing of each such disclosure, and (ii) notify those to whom the receiving party disclosed the information of their obligation to treat the material as confidential, including by requiring that they sign Exhibit A if they have not done so already. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. The production of privileged or work-product protected documents or electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply.

18. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any information

designated as confidential information, provided that the contents of the information must not be disclosed in ways that would violate this Order.

20.     This Order is without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.     Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court. Should a receiving party be required to disclose confidential information by law or by order of a court outside of this Action, the receiving party must promptly notify the producing party of the need for such disclosure prior to making the disclosure.

22.     Upon final termination of the Action, including any and all appeals, counsel for each Party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides to the extent feasible and reasonable.  Notwithstanding the foregoing, counsel for each party may retain all attorney work product, pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23.     The restrictions and obligations set forth within this Order will not apply to any information that:  (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the

parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26. This Order may be modified by written agreement of the Parties, subject to approval by the Court.

27. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

28. Continuing Jurisdiction: The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this Action to enforce the terms of this Order.

Dated:  September 12, 2025

**ROBINSON MARKEVITCH & PARKER LLP**

By: /s/ Jimmie Davis Parker
   Damion D. D. Robinson
   David Markevitch
   Jimmie Davis Parker

Attorneys for Plaintiffs
MARK WATKINS, WILLIAM CROSIER and ALEX THARAPPEL

Dated: September 12, 2025

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: /s/ Valerie Phan
    Antony Nash
    Mathilda S. McGee-Tubb
    Valerie Phan

Attorneys for Defendant
AVALONBAY COMMUNITIES, INC.

**IT IS SO ORDERED**.

Dated: 9/15/2025

Hon. Barbara L. Major
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on _____ (date), in the case of *Watkins v. AvalonBay Communities, Inc.*, Case No. 3:25-cv-01119-AJB-BLM. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I will comply with all applicable provisions of this Order regarding return or destruction of all confidential information and/or materials that come into my possession, and documents or things I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the confidential information and/or materials.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

Name: _____

City and State where sworn and signed: _____

Printed name: _____

Date: _____