UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WATKINS, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC,<br><br>　　　　　　　　Defendant. | Case No.: 25CV1119-AJB (BLM)<br><br>**ORDER GRANTING EX PARTE MOTION TO FILE UNDER SEAL**<br><br>**ECF No. 35** |

Before the Court is Defendant's Ex Parte Motion to File Portions of Defendant AvalonBay Communities, Inc.'s Opposition to Plaintiffs' Motion to Compel Further Discovery Responses Under Seal.  ECF No. 35.  Plaintiffs have not filed an opposition to this motion.  See Docket.  For the reasons set forth below, the Court **GRANTS** Defendant's Motion to File Under Seal.

## BACKGROUND

On May 2, 2025, this action was removed from San Diego Superior Court to this Court.  ECF No. 1.  Defendant filed their answer on May 30, 2025.  ECF No. 9.  The Court held a Case Management Conference on August 25, 2025 and issued a Scheduling Order on August 27, 2025. ECF Nos. 16, 17.  In this Scheduling Order, the parties were required to file a joint motion for a protective order.  ECF No. 17 at 1.  On September 15, 2025, the Court granted the parties' stipulated protective order ("SPO").  ECF No. 21.

On October 16, 2025, counsel for Plaintiffs contacted the Court to request an informal

discovery conference call with the undersigned's Judicial Law Clerk regarding a discovery dispute. See Honorable Barbara L. Major Chambers Rules – Civil Cases, Rule V.B. The conference was held and based on the information provided by both Plaintiffs' counsel and Defendant's counsel, the Court issued a briefing schedule on October 23, 2025 setting forth dates by which Plaintiffs were to file a motion to compel further discovery responses and a date for Defendant to file an opposition. ECF No. 28.

Plaintiffs filed their motion to compel further discovery responses on November 3, 2025. ECF No. 29. Simultaneously, Plaintiffs filed an ex parte motion to seal a portion of the motion to compel. ECF No. 30. The Court granted this motion on November 5, 2025. ECF No. 32. Defendant filed their opposition to Plaintiff's motion to compel on November 17, 2025. ECF No. 34. Defendant also filed a motion to seal portions of its opposition. ECF No. 35. In this motion, Defendant states the opposition "relies, in part, on declarations from AvalonBay personnel, and certain written policy documents produced by AvalonBay, which are designated in whole or in part as "CONFIDENTIAL" under the [SFO]." Id. at 3. Defendant further attests that disclosure of these materials is "commercially sensitive, because disclosure may impact AvalonBay's competitive position in the multifamily industry." Id.

## **MOTION TO FILE UNDER SEAL**

Defendant seeks an order sealing Defendant's unredacted Opposition to Plaintiff's Motion to Compel Further Responses. ECF No. 35. In accordance with the undersigned's Chambers Rules, Defendant lodged a unredacted version of the Opposition to Plaintiffs' Motion to Compel Further Responses. ECF No. 36.

"For discovery motions attached to non-dispositive motions and filed under seal pursuant to a valid protective order, 'the usual presumption of the public's right of access [to court filings is rebutted].'" Orthopaedic Hospital v. Encore Medical, L.P., 2021 WL 5449041, at *2 (S.D. Cal. Nov. 19, 2021) (quoting Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)). Thus, a showing of good cause is sufficient under Federal Rule of Civil Procedure Rule 26(c). Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the underlying motion relates to a non-dispositive dispute regarding discovery responses; thus, the good cause standard applies. The Court finds that Defendant has narrowly

tailored its request to seal only a portion of the opposition that contains "sensitive information that, if made public, are likely to result in prejudice or competitive disadvantage." ECF No. 35 at 4. Plaintiffs' counsel was provided notice of this request to seal and Plaintiffs "do not oppose the request." <u>See</u> Decl. of Mathilda McGee-Tubb in Supp. Mtn. to Seal ("McGee-Tubb Decl."), ECF No. 35-1 at ¶ 3. Finally, the undersigned's Chambers Rules, which are incorporated in the parties' protective order outlines, "[a] sealing order may issue only upon a showing that the information is privileged or protectable under the law." Major Chambers Civil Rules VII, 2; ECF No. 21 at 6-7.

Based on the motion to file under seal [ECF No. 35], and for good cause shown, the motion to seal is **GRANTED** and it is hereby **ORDERED** that Defendant's Opposition be filed under seal [ECF No. 36].

## CONCLUSION

Based on the foregoing, Defendant's ex parte motion to file documents under seal is **GRANTED**. The Clerk of the Court is directed to file the unredacted version of Defendant's opposition [ECF No. 36] under seal. The redacted version of Defendant's opposition [ECF No. 34] shall continue to be filed in the public record.

**IT IS SO ORDERED**.

Dated: 11/18/2025

Hon. Barbara L. Major
United States Magistrate Judge