UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WATKINS, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC,<br><br>　　　　　　　　　Defendant. | Case No.: 25CV1119-AJB (BLM)<br><br>**ORDER GRANTING EX PARTE MOTION TO FILE UNDER SEAL**<br><br>**ECF No. 45** |

　　　Before the Court is Plaintiffs' Ex Parte Motion to File Plaintiffs' Reply in Support of Motion to Compel Further Discovery Responses Under Seal. ECF No. 45. Defendant has not filed an opposition to this motion. <u>See</u> Docket. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to File Under Seal.

### **BACKGROUND**

　　　On May 2, 2025, this action was removed from San Diego Superior Court to this Court. ECF No. 1. Defendant filed their answer on May 30, 2025. ECF No. 9. The Court held a Case Management Conference on August 25, 2025 and issued a Scheduling Order on August 27, 2025. ECF Nos. 16, 17. In this Scheduling Order, the parties were required to file a joint motion for a protective order. ECF No. 17 at 1. On September 15, 2025, the Court granted the parties' stipulated protective order ("SPO"). ECF No. 21.

　　　On October 16, 2025, counsel for Plaintiffs contacted the Court to request an informal

discovery conference call with the undersigned's Judicial Law Clerk regarding a discovery dispute.  See Honorable Barbara L. Major Chambers Rules – Civil Cases, Rule V.B.  The conference was held and based on the information provided by both Plaintiffs' counsel and Defendant's counsel, the Court issued a briefing schedule on October 23, 2025 setting forth dates by which Plaintiffs were to file a motion to compel further discovery responses and a date for Defendant to file an opposition.  ECF No. 28.

Plaintiffs filed their motion to compel further discovery responses on November 3, 2025. ECF No. 29.  Simultaneously, Plaintiffs filed an ex parte motion to seal a portion of the motion to compel.  ECF No. 30.  The Court granted this motion on November 5, 2025.  ECF No. 32. Defendant filed its opposition to Plaintiffs' motion to compel on November 17, 2025. ECF No. 34.  Defendant also filed a motion to seal portions of its opposition.  ECF No. 35.  The Court granted this motion on November 19, 2025.[1] ECF No. 37.  On December 1, 2025, Plaintiffs filed a motion to seal portions of the reply to the opposition.  ECF No. 45.  Plaintiffs' reply "references materials that Defendant designated as confidential under the [SPO]" as well as citations to "declarations and policy documents that Defendant designated confidential and submitted in support of its Opposition."  See Declaration of Jimmie Davis Parker ("Parker Decl."), ECF No. 45-1 at ¶ 2.  The parties have met conferred and "[n]either party opposed filing of said material under seal."  Id. at ¶ 4.

## MOTION TO FILE UNDER SEAL

Plaintiffs seek an order sealing Plaintiffs' unredacted Reply in Support of Motion to Compel Further Responses.  ECF 45.  In accordance with the undersigned's Chambers Rules, Plaintiffs lodged a unredacted version of the Reply in Support of Motion to Compel Further Responses. ECF No. 46.

"For discovery motions attached to non-dispositive motions and filed under seal pursuant to a valid protective order, 'the usual presumption of the public's right of access [to court filings is rebutted].'" Orthopaedic Hospital v. Encore Medical, L.P., 2021 WL 5449041, at *2 (S.D. Cal. Nov. 19, 2021) (quoting Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206,

---

[1] The Court also granted Defendant's request to file a revised opposition under seal after "discovering a substantive typo" in the original opposition.  See ECF No. 42.

1213 (9th Cir. 2002)). Thus, a showing of good cause is sufficient under Federal Rule of Civil Procedure Rule 26(c). Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the underlying motion relates to a non-dispositive dispute regarding discovery responses; thus, the good cause standard applies. In addition, Plaintiffs' reply relies on "Defendant's discovery responses and evidence it submitted in support of its Opposition" that was deemed confidential under the parties' SPO and the Court permitted portions of the opposition to be filed under seal. Parker Decl. at ¶ 2. Finally, the undersigned's Chambers Rules, which are incorporated in the parties' protective order outlines, "[a] sealing order may issue only upon a showing that the information is privileged or protectable under the law." Major Chambers Civil Rules VII, 2; ECF No. 21 at 6-7.

Based on the motion to file under seal [ECF No. 45], and for good cause shown, the motion to seal is **GRANTED** and it is hereby **ORDERED** that Plaintiffs' Reply in Support of Motion to Compel Further Responses be filed under seal [ECF No. 46].

## CONCLUSION

Based on the foregoing, Plaintiffs' ex parte motion to file documents under seal is **GRANTED**. The Clerk of the Court is directed to file the unredacted version of Plaintiffs' motion [ECF No. 46] under seal. The redacted version of Plaintiffs' reply [ECF No. 44] shall continue to be filed in the public record.

**IT IS SO ORDERED**.

Dated: 12/3/2025

Hon. Barbara L. Major
United States Magistrate Judge