UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARK WATKINS, et al.,
Plaintiffs,
v.
AVALONBAY COMMUNITIES, INC., et al.,
Defendants.

Case No.: 25-cv-01119-AJB-JAC

**OMNIBUS ORDER**

**(Doc. Nos. 115, 118, 121, 125)**

## I. BRIEFING SCHEDULE ON CROSS MOTIONS

Defendant AvalonBay Communities, Inc. ("AvalonBay") filed a partial motion for summary judgment. (Doc. No. 117.) Subsequently, Plaintiffs ("Plaintiffs") filed a partial motion for summary judgment. (Doc. No. 120.)

1. For clarity and judicial efficiency, the Court requires the parties to file the following compendiums of exhibits by **no later than <u>November 3, 2026</u>**:

a. The parties jointly must file a compendium of any exhibit referred to by more than one party. The joint compendium should be prefaced with a captioned table of contents identifying the exhibits by AvalonBay's exhibit number, by Plaintiffs' exhibit number, and by its description. Each exhibit must be filed as a separate attachment to the caption page.

b. Each party must individually file a compendium of the remaining exhibits that are only referred to by itself. These compendiums should be prefaced with a captioned table of contents identifying the exhibits by that party's exhibit number and by description. Each exhibit must be filed as a separate attachment to the caption page.

c. Duplicative exhibits must be avoided.

2. **No later than November 17, 2026**, the parties must file their respective oppositions to the summary judgment motions.

3. **No later than November 24, 2026**, the parties must file their reply briefs in support of their respective summary judgment motions.

4. A hearing on both motions is **SET** for **January 14, 2027**, at **10:00 AM** in Courtroom 4A before Judge Anthony J. Battaglia.

5. In all other respects, the Parties must comply with all applicable Federal Rules of Civil Procedure, Civil Local Rules of this District, and the Civil Case Procedures and Orders of this Court.

## II. EX PARTE APPLICATION TO CONTINUE DEADLINES

In light of the pending cross motions and the impact of resolution thereof on the bounds of this case, Plaintiffs filed an ex parte application to continue scheduling order deadlines until after a ruling on the cross motions for summary judgment. (Doc. No. 125.) Plaintiffs assert that currently the parties have "two incompatible versions of the case" that expert reports would have to address and said ruling "will determine who is in the putative class, the amounts at issue, and what the parties' experts must analyze," such that one version would be made "obsolete." (*Id.* at 2.)

AvalonBay opposes the motion on the grounds that it is unnecessary considering the pending motions will not dispose of the entire case, the request is excessive, and granting such an extension would prejudice AvalonBay. (Doc. No. 126.) Specifically, "[a]lthough AvalonBay agrees that resolution of those motions and the pending motion to dismiss could streamline the remainder of the case and could facilitate further settlement," it asserts that

it "has invested significant resources in meeting the upcoming expert deadlines," and "[t]he recent filing of cross-motions for partial summary judgment does not change the need for or the appropriate timing of these deadlines," especially considering that "[t]he theories of the case that the Parties each pursue through those motions are not new[.]" (*Id.* at 2–3.) Additionally, AvalonBay argues that Plaintiffs' proposed schedule is "excessive and disproportionate to the needs of the case." (*Id.* at 4.)

Considering the pending partially dispositive motions and the steps both parties have taken in meeting the discovery deadlines thus far, the Court finds sufficient cause to **GRANT** Plaintiffs' motion **in part**. However, the Court agrees with AvalonBay that Plaintiffs' proposed deadlines are excessive and unsupported based on the reasons offered. The Court **DENIES** Plaintiffs' motion to the extent it seeks the Court enter the proposed deadlines. However, the deadlines set in the current scheduling order are **VACATED**, to be reset upon the Court's resolution of the pending cross motions for summary judgment. Plaintiffs are cautioned that, by granting this ex parte motion, the Court is not approving a back-door stay of discovery or of the case as a whole. Upon resolution of the pending motions, the Court will issue a schedule that is significantly abbreviated compared to that currently proposed by Plaintiffs.

## III. MOTIONS TO SEAL

In conjunction with the cross motions for partial summary judgment, the parties also filed motions to seal. The Court has reviewed each party's motion to seal, the lodged materials, and corresponding publicly filed documents.

### A. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is

the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted). In balancing the competing interests of the public and the party who seeks to keep secret judicial records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Compelling reasons also may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) ("Where parties have been able to point to concrete factual information or expert testimony that the material sought to be sealed contained confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, courts have been willing to find that information confidential.") (collecting cases).

**B. AvalonBay's Motion to Seal (Doc. No. 115)**

AvalonBay seeks to file under seal redactions to its Supplemental Interrogatory Answers to Plaintiff Tharappel's Interrogatories, Set One, served on February 9, 2026 ("Interrogatory Answers"), which are attached as Exhibit 3 to Declaration of Mathilda S.

McGee-Tubb in support of AvalonBay's Motion for Partial Summary Judgment. (Doc. No. 115.) AvalonBay argues that:

> The redacted portions of the Interrogatory Answers disclose internal business practices and strategy concerning various aspects of AvalonBay's property management, operations, and security deposit handling, including how AvalonBay allocates security deposit functions between its internal shared services center and its on-site and regional associates. In particular, the processes and systems AvalonBay utilizes to manage security deposits and accompanying documentation at the end of tenancies is nonpublic business information and strategy, the disclosure of which may impact AvalonBay's competitive position in the multifamily industry.

(Doc. No. 115-2, Declaration of Antony Nash ISO AvalonBay's Motion to File Under Seal, ¶ 4.) Additionally, AvalonBay argues that the request is narrowly tailored because the redactions are limited to the exhibit and do not require sealing of its Motion for Partial Summary Judgment. (Doc. No. 115-1 at 3–4.)

The Court finds that AvalonBay has narrowly tailored its request and provided sufficient explanation for how making public the excerpted Interrogatory Answer may harm its competitive standing. *See Nixon*, 435 U.S. at 598; *see also Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (finding compelling reasons to seal "confidential financial and pricing information"); *San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (finding compelling reasons to seal "internal profit, loss, and expense data"); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2024 WL 1269474, at *2 (S.D. Cal. Mar. 25, 2024) (finding compelling reasons supported sealing "sensitive and private financial information"). Accordingly, the Court **GRANTS** AvalonBay's motion to file Exhibit 3 under seal. (Doc. No. 115.) The Clerk of Court is **DIRECTED** to seal the information currently lodged at Document Number 116.

///

///

**C. Plaintiffs' Motion to Seal (Doc. No. 118)**

Plaintiffs seek to file one exhibit in its entirety and portions of two additional documents in order to comply with the Stipulated Protective Order and AvalonBay's designation of the information as confidential. (Doc. No. 118.) As the designating party, AvalonBay filed a response in support of Plaintiffs' motion to seal, providing more fulsome rationale for the redactions. (Doc. No. 124.) Plaintiffs did not file a reply.

First, Plaintiffs seek to seal Exhibit 5 to the Declaration of Jimmie Davis Parker supporting Plaintiffs' Cross-Motion for Partial Summary Judgment ("Parker Declaration"). This exhibit "consists of excerpts from AvalonBay's internal written policies and procedures governing Statements of Deposit Activity ('SODAs') and Prior Resident Ledgers (AvalonBay_0000640 and AvalonBay_0000646–0000649)." (Doc. No. 118 at 3.) AvalonBay asserts that sealing is warranted because the document "includes excerpts from AvalonBay's internal written policy documents, which relate to the processing of SODAs and, more specifically, the internal accounting practices used to generate the balance due on each resident's account at the end of the tenancy." (Doc. No. 124-1, Declaration of Antony Nash ISO Plaintiffs' Motion to File Under Seal, ¶ 4.) Moreover, "AvalonBay's SODA processes, specifically the accounting practices used to generate SODAs and determine account balances, constitute commercially sensitive business information, the disclosure of which may impact Vivmark's competitive position in the multifamily industry." (*Id.*)

Second, Plaintiffs seek to redact from their Cross Motion for Partial Summary Judgment the clauses and block quotation that disclose content of Exhibit 5. (Doc. No. 118-1, Declaration Jimmie Davis Parker in Support of Plaintiffs' Ex Parte Application to File Documents Under Seal, ¶ 6.) AvalonBay argues that "[w]here 'compelling reasons' exist to seal an exhibit filed in support of a motion, as is the case here, the portions of the brief that discuss the sealed exhibit should also be sealed. (Doc. No. 124 at 4 (citing *Amtrust Int'l Underwriters DAC v. 180 Life Scis. Corp.*, No. 22-cv-03844-BLF, 2025 WL 71987, at *3 (N.D. Cal. Jan. 9, 2025)).)

Finally, Plaintiffs seek to seal portions of Exhibit 1 to the Parker Declaration. (Doc. No. 118 at 3–4.) This exhibit contains "excerpts of AvalonBay's Verified Supplemental Objections and Answers to Plaintiff Alex Tharappel's Special Interrogatories, Set One, served February 9, 2026." (*Id.*) AvalonBay argues that "[t]his limited portion of the Interrogatory Answers warrants sealing because it discloses financial data and reporting about SODAs processed for one of AvalonBay's communities during the relevant time period of this lawsuit." (Doc. No. 124 at 4.)

The Court finds that Plaintiffs have narrowly tailored their request and AvalonBay has provided sufficient explanation for how making public its internal SODA policies and processes may harm its competitive standing. *See Nixon*, 435 U.S. at 598; *see, e.g.*, *Quidel Corp.*, 2020 WL 1062949, at *2; *San Diego Detox, LLC*, 2024 WL 1684885, at *2; *ImprimisRx, LLC*, 2024 WL 1269474, at *2. Accordingly, the Court **GRANTS** Plaintiffs motion to file Exhibit 5 under seal and portions of Exhibit 1 and their Cross Motion for Partial Summary Judgment under seal. (Doc. No. 118.) The Clerk of Court is **DIRECTED** to seal the information currently lodged at Document Number 119.

## IV. JOINT MOTION TO SUBSTITUTE PARTY

On October 19, 2026, the parties filed a joint motion seeking to substitute Vivmark Residential Management LLC as defendant in this action in place of AvalonBay Communities, Inc. by reason of a transfer of interest. (Doc. No. 121.) In light of the parties' representations, the Court **GRANTS** the joint motion. Vivmark Residential Management LLC is substituted in as Defendant in this action, and AvalonBay Communities, Inc. is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Hon. Anthony J. Battaglia
United States District Judge